IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RONALD KNOX, SR., | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-1 (MTT) |
| VS. | : | |
| MICHAEL NOPEN, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

In a Partial Motion to Dismiss (Doc. 10) Defendants have moved the Court to dismiss the claims set forth in Plaintiff's Amended Complaint (Doc. 7). In the Amended Complaint, Plaintiff has supplemented his original Complaint with additional allegations against defendants Counselor Brown and Dana Smith. Because the Amended Complaint fails to set forth claims upon which relief can be granted, it is hereby **RECOMMENDED** that the Partial Motion to Dismiss be **GRANTED** and that the Amended Complaint be **DISMISSED**.

FACTUAL AND PROCEDURAL BACKGROUND

The primary allegations in this case are stated in Plaintiff's original Complaint, which alleges that, on July 2, 2009, during his incarceration in the Jackson Diagnostic and Classification Prison, Plaintiff was brutally assaulted by Officer Michael Nopen while Unit Manager Dana Smith looked on but did nothing. Plaintiff alleges that he sustained permanent injuries and scars as a result of this assault.

In addition to the claims against Nopen and Smith, the original Complaint alleges that defendant Brown denied Plaintiff's constitutional due process rights in the administration of the

1

administrative grievance procedure related to the assault. This claim against Brown was dismissed by order of the Court on August 11, 2010 (Doc. 20). The Court's order of dismissal adopted a Recommendation by the Magistrate Judge finding that Plaintiff had no constitutional right to participate in prison grievance procedures. *See* Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989). The underlying Eighth Amendment claims against Nopen and Smith were allowed to proceed.

Prior to the Court's adoption of the Recommendation, however, Plaintiff filed a Motion to Amend and Clarify, which was granted by the Court and accepted as an Amended Complaint. Docs. 7, 11. Liberally interpreted, Plaintiff's Amended Complaint pleads three new claims 1) a restated due process claim against defendant Brown; 2) a First Amendment access to the courts claim against defendant Brown, and; 3) a 42 U.S.C. § 1985 conspiracy claim against defendants Brown and Smith. Each of these challenged claims is addressed separately below.

## Due Process Claim

Plaintiff's due process claims against Brown are essentially a restatement of the claim against Brown in his original Complaint, and should be dismissed for the same reasons explained in the first Recommendation. A claim brought pursuant to 42 U.S.C. § 1983 alleging violations of due process must contain proof of three (3) elements: "1) deprivation of a constitutionally-protected liberty or property interest; 2) state action, and; 3) constitutionally-inadequate process." Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). It is well established that plaintiffs have no constitutional right to participate in prison grievance procedures. Accordingly, even if Brown had interfered with or mishandled Plaintiff's administrative grievance, such conduct is simply not

sufficient to establish a violation of due process and Plaintiff's Amended Complaint fails to state a claim for violation of due process against Brown.

## First Amendment - Access to Court Claim

Plaintiff's First Amendment claims against Brown should be dismissed because the Amended Complaint pleads no facts to suggest that Plaintiff's efforts to pursue this or any other legal action have been frustrated or impeded by Brown's alleged mishandling of his administrative grievance. To state a claim for infringement of the right to access to the courts under the First Amendment, a plaintiff must allege that his efforts to pursue a non-frivolous claim were frustrated or impeded by an official's action. Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir.1998). In this case, it is apparent that Plaintiff has been able to bring a timely action in the United States District Court. Any inadequacy in the prison's grievance procedure would be relevant only with regard to establishing the exhaustion of administrative remedies.

## 42 U.S.C. § 1985 Conspiracy Claim

To the extent that Plaintiff's Amended Complaint seeks to plead an action under 42 U.S.C. § 1985, it fails to state a claim upon which relief can be granted. To state a claim under Section 1985, a plaintiff must not only describe an actionable conspiracy to interfere with rights secured by law, but also must plead facts to show that "some racial, or perhaps otherwise class based, invidiously discriminatory animus lay behind the conspirators' action." See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268, 113 S. Ct. 753, 758 (1993); Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002). In this case, the Amended Complaint does not set forth any facts to establish that the alleged conspiracy was the result of a racial or other invidious

3

discriminatory animus towards him as a member of a suspect class. Consequently, the plaintiff's 42 U.S.C. § 1985 conspiracy claim must also fail.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Partial Motion to Dismiss be **GRANTED**, and that the Court dismiss all claims against Defendant Brown and any claims under 42 U.S.C. § 1985. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 27th day of December, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge