**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RONALD KNOX, SR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:10-CV-1 (MTT)** |
| **VS.** | : | |
| | : | |
| **MICHAEL NOPEN,** *et al.,* | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |
| _____ | : | |

### RECOMMENDATION

Before the Court is an unopposed Motion for Summary Judgment filed by Defendants Michael Nopen and Dana Smith. Doc. 27. For the following reasons, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

### BACKGROUND

Plaintiff Ronald Knox, Sr. filed the above-captioned 42 U.S.C. §1983 alleging that, on July 2, 2009, during his incarceration in the Georgia Diagnostic and Classification Prison (GDCP), he was brutally assaulted by Defendant Officer Nopen while Defendant Unit Manager Smith looked on and failed to intervene. As a result, Plaintiff claims that he sustained permanent injuries and scars.

After the close of discovery, Defendants filed the instant Motion for Summary Judgment along with affidavits and other supporting documents. The Court directed Plaintiff to prepare and file a response to the motion within twenty-one days. Doc. 28. Plaintiff failed to comply with this order. Consequently, the Court entered a second order directing Plaintiff to show cause for this failure to respond. Doc. 30. Plaintiff also failed to comply with this order.

In view of Plaintiff's failure to respond to the Defendants' Motion or the Court's order to show cause, it appears that he has abandoned his claims. Nevertheless, before entering summary

judgment for the Defendants, it is the responsibility of the Court to ensure that summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir.1993). The evidence and factual inferences from the evidence are viewed favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469.

The moving party must meet its burden even if the non-moving party fails to respond to a motion for summary judgment. Courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits of an unopposed motion for summary judgment, a court

> need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

Id. at 1101-02. In other words, the court cannot simply accept the facts stated in a moving party's statement of material facts as true, but must review the movant's citations to the record and confirm there are no genuine issues of material fact. Id. at 1103 n. 6. Pursuant to Rule 56(c), the court "need consider only the cited materials, but it may also consider other materials in the record."

Because Plaintiff has failed to file any response in opposition to the Defendants' Motion for Summary Judgment, the Court accepts as accurate and relies upon the assertions of fact contained within the Defendant's affidavits as well as the other documentary evidence submitted in support

of their motion.  The Court must nevertheless view the evidence and all factual inferences from the evidence in the light most favorable to the Plaintiff.

As indicated above, the Complaint alleges that on July 2, 2009, Nopen entered Plaintiff's cell and assaulted him.  According to Plaintiff, Nopen choked him and then repeatedly slammed him against an iron bunk bed, resulting in bruises and bleeding on his back.  Plaintiff further alleges that Smith stood by and failed to intervene or attempt to stop the use of force.

To establish a valid 42 U.S.C. §1983 claim based upon the Eighth Amendment's proscription of cruel and unusual punishment, a plaintiff must allege that he was injured by "force [that] was applied ... maliciously and sadistically for the very purpose of causing harm."  See Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  In this case, the evidence presented by the Defendants demonstrates that no physical force, excessive or otherwise, was ever applied to Plaintiff on the date of the alleged incident and, by extension, that no injuries occurred as a result.

Defendants have presented evidence to show that there are no genuine issues of material fact with regard to Plaintiff's claim.  Nopen has submitted an affidavit, in which he states that he never physically assaulted Plaintiff, grabbed him by his neck, slammed him against a bunk, or otherwise used excessive or unnecessary force against him.  Nopen Aff. ¶ 5 (Doc.27-3).  Smith has also submitted an affidavit, testifying that he never saw Nopen use excessive force against Plaintiff and never needed to or had the opportunity to intervene and prevent Nopen from applying such force to Plaintiff.  Smith Aff. ¶ 5 (Doc.27-4).

Defendants have also submitted the affidavit of Dr. Eric Fogam, the Medical Director at Coastal State Prison.  Plaintiff was transferred from GDCP to Coastal State on July 23, 2009, some three weeks after the alleged assault.  Dr. Fogam testifies that he reviewed Plaintiff's medical records from GDCP and found nothing to indicate that Plaintiff made any complaints about his

alleged injuries to GDCP medical personnel in the weeks following the incident or upon being transferred to Coastal State Prison. Those records show that Plaintiff was not seen for any injuries on July 2, 2009. Fogam Aff. ¶ 6 (Doc. 27-5). Plaintiff did not seek any medical attention until July 13, 2009, when he presented to the medical department complaining of foot fungus. Id. ¶ 7.

The records do not show any complaints arising from the alleged assault until August 20, 2009. On that date, Plaintiff presented to the medical department at Coastal State Prison alleging that he had sustained a back injury on July 2, 2009, at GDCP. Id. ¶ 9. Dr. Fogam examined Plaintiff and observed "a very superficial 2 inch by 2 inch abrasion on his back." Id. Dr. Fogam referred Plaintiff for an x-ray of his back. The x-ray revealed "mild hypertrophic changes at the L3 vertebrae and anterior spurring at the L4 vertebrae," conditions indicative of "a chronic change created over a long period of time," not of a recent trauma. Id.

On September 1, 2009, Plaintiff reported again to medical, this time with complaints of upper back pain. Dr. Fogam referred Plaintiff for x-rays of his upper or thoracic spine, but these x-rays "did not show any evidence of a fracture or destructive bone disease." Id. ¶ 11. Between and September and November, 2009, Plaintiff continued to report with complaints of upper back pain, but no objective evidence of injury was found. Id. ¶¶ 12-14. Based on his treatment of Plaintiff and review of the medical records, Dr. Fogam concluded that there was no indication that Plaintiff "sustained a cut, laceration or other injury to his back on July 2, 2009," and no indication "that any pre-existing back injury was exacerbated by a recent trauma." Id. ¶ 15.

Because Plaintiff has not responded to the Motion for Summary Judgment, the only evidence in the case concerning his claim is found in his Complaint. The Complaint is signed by a notary public, and as such may have been intended as a sworn statement. Even if it is not a sworn statement, however, the Court affords Plaintiff the leniency due to *pro se* parties and accepts the Complaint as a representation of testimony that Plaintiff would offer at trial.

In the Complaint, Plaintiff offers the bare allegation that he was assaulted by Nopen while Smith stood by and watched. This allegation is completely contradicted by the evidence offered by Defendants. It is contradicted not only by the testimony of Nopen and Smith, but also by the testimony of the medical director who notes that Plaintiff did not complain of any injury from the alleged assault until seven weeks later and shows that there were no objective indications of any injury from such an assault. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). In this case, the record so completely contradicts the allegations in Plaintiff's Complaint that no reasonable jury could believe Plaintiff's version of events. As such, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law.

Accordingly, it is **RECOMMENDED** that their Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 2nd day of August, 2011.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge